MEMORANDUM OF DECISION
This case presents petitions for the termination of the parental rights of Cathysue A-M. and James B., the biological parents of three minor children, James and Caitlin B., born February 20, 1993 and Elizabeth A., born April 6, 1995. These children are presently 4 years and 6 months and two years and five months old respectively. Neglect petitions were filed with respect to the twins on March 4, 1995 and on April 2, 1995 as to Elizabeth. On June 8, 1995, Elizabeth was committed to the Department of Children and Families (hereafter the Department) and on July 27, 1995 the commitment of the twins was ordered. The two oldest reside in the same foster home where they were originally placed in February of 1995. The youngest child Elizabeth is also in foster care and is doing well.
On August 20, 1997, Cathysue A-M. consented to the termination of her parental rights in open court. She filed written consents on that date. Her consent was found to be voluntarily and knowingly made with the advice and assistance of competent legal counsel and with an understanding of the consequences of her consent to such court action (Foley, J.). Her attendance in court at further proceedings in court was excused.
On September 11, 1997, James B. appeared in court and consented to the termination of his rights to these three children. He filed with the court three Consent to Termination of Parental Rights Forms, as follows:
Consent as to James B. Jr., dated August 26, 1997
Consent as to Caitlin B. dated August 26, 1997
Consent as to Elizabeth A. dated July 22, 1997.
His consent is found to be voluntarily and knowingly made with the advice and assistance of competent legal counsel and with an understanding of the consequences of his consent.
The court finds that the mother has appeared during the pendency of the case. She has a court appointed attorney. The CT Page 8661 father has been served, has appeared and had counsel appointed. The court has jurisdiction in this matter; there is no pending action affecting custody of the children in any other court and reasonable efforts have been made to reunify this family. The petitions have been amended to allege as the sole ground for termination the consent of both parents.
The court having read the verified petitions and the social study makes the following findings by clear and convincing evidence.
The two oldest children, a pair of twins, reside in the same foster home together. These two children have had some developmental delays but are physically healthy and progressing normally in foster care. The youngest child is in a different foster home and has thrived there. She has bonded to her foster family and views them as her family. By all reports she is developmentally on target and is a healthy, curious child who loves animals.
ADJUDICATION
With respect to the statutory grounds for termination of parental rights the court finds by clear and convincing evidence that James and Caitlin B. were previously found to be neglected on July 27, 1995 and Elizabeth B. was so adjudicated on June 8, 1995. Both parents have consented to the termination of their parental rights and these consents have been accepted by the court.
The court makes no factual findings required by Connecticut General Statutes § 17a-112 (e) as they do not apply to consenting parties.
DISPOSITION
The court holds by clear and convincing evidence that it is in the best interests of James and Caitlin B. and their sister Elizabeth A. for a termination of parental rights to enter with respect to their biological parents, Cathysue A-M. and James B. and, accordingly, a termination of their parental rights is ordered. It is further ordered that the Commissioner of the Department of Children and Families is appointed statutory parent for these children for the purpose of securing adoptive families. If the foster parents are willing to adopt, it is the court's CT Page 8662 direction that they receive first consideration. The commissioner shall file with this court no later than 90 days following the date of judgment a written report of efforts to effect such permanent placement and file further reports as are required by State and federal law.
Barbara M. Quinn, Judge Child Protection Session